hMARVIN, Chief Judge.
ASAP Enterprises, Inc. d/b/a The Practice Swing Driving Range and Pro Shop, the operator of a West Monroe business patronized by golfers, appeals a judgment upholding the Ouachita Parish Police Jury’s denial of ASAP’s February 1998 application for a 1998 Class A beer permit on the grounds that the application lacked two affidavits required by state law, La. R.S. 26:278(A) and (B), discussed infra.
ASAP contends the application was legally sufficient and was denied purely for political reasons, to appease local citizens who were categorically opposed to liquor sales in the community, notwithstanding that ASAP’s application did not violate any local zoning regulations. Alternatively, ASAP claims any deficiency in the original application was cured when ASAP filed additional affidavits in evidence at the de novo hearing on ASAP’s appeal to the district court under La. R.S. 26:303, held in May 1998. In its petition for review filed in the district court, ASAP reserved its right to seek damages for the police jury’s “arbitrary and unreasonable conduct.”
In July 1998, while this appeal was pending, ASAP submitted a new application for a 1998 beer permit to the police jury, which application was approved. Responding to this court’s rule to show cause why the appeal should not be dismissed as moot, ASAP contends the lawfulness of the police jury’s earlier action remains a justiciable issue in light of ASAP’s having reserved its right to claim damages for wrongful denial of the permit, notwithstanding ASAP’s candid assertion that “recoverable damages may be too small to pursue.”
Agreeing on this record that the appeal is technically not moot, we nonetheless affirm for these reasons:
| ¿The Affidavits
An applicant for a retail liquor permit must submit with his application “an affidavit ... showing ... that he has no interest in a wholesaler dealer establishment ...” [§ 278(A) ] and “shall attach to his application, as a part thereof, a sworn affidavit that he has complied with the provisions of R.S. 26:277.” [§ 278(B) ]. Under § 277, the applicant must give notice of his intent to obtain a permit by publication in the local newspaper and by displaying a notice of intent poster at his place of business for at least 15 days before the application is filed.
ASAP’s original application to the police jury contained a photocopy of an affidavit by ASAP’s principal, Amie G. Pearce, disclaiming any interest in a wholesaler dealer establishment, as well as an original proof of publication affidavit by the publisher of the Monroe News-Star. The application did not mention La. R.S. 26:277 or otherwise refer to ASAP’s having displayed the required notice of intent poster, but did contain an affidavit printed on the police jury’s application form and signed by Pearce, attesting that “the permit applied for by him in said application will be used in full compliance and observance of the provisions of Ordinances Nos. 6032 and 6037 as amended, adopted by the Police Jury of Ouachita Parish, Louisiana.” The provisions of these ordinances do not appear in this record.
*407 The police jury denied ASAP’s application without explanation and without giving notice of the denial to the State Commissioner of Alcohol and Tobacco Control under La. R.S. 26:284(A). ASAP’s application for a state permit, submitted at the same time as the local application, was granted.
ASAP appealed the police jury’s decision to the district court by filing a petition for judicial review under La. R.S. 26:303. For the first time in its answer Uto the petition, the police jury asserted as the grounds for the denial that ASAP’s application did not contain either of the two affidavits mentioned above, the § 278(A) affidavit disclaiming interest in a wholesaler dealer establishment and the § 278(B) affidavit attesting to compliance with § 277.
At the de novo hearing in the district court, ASAP introduced affidavits of Denise Pearce attesting to ASAP’s retail status and its compliance with the notice requirements of § 277. These affidavits were signed in April 1998, after the police jury’s denial of ASAP’s February 1998 application, and are not relevant to the limited issue presented in this appeal, whether that denial was unlawful.
The state investigator who reviewed ASAP’s February 1998 application for a state permit, Fred Lang, testified that ASAP’s application to the state “met the requirements of state law.” Lang “assumed,” but did not know for a fact, that the local ordinances referred to in Pearce’s affidavit of compliance in the original application for a local permit — Parish Ordinance Nos. 6032 and 6037 — -“would be the parish equivalent of Title 26.” Lang acknowledged that ASAP’s original application did not contain an affidavit attesting to ASAP’s compliance with La. R.S. 26:277.
Arnie Pearce testified that ASAP’s original application complied with all of the requirements made known to him by representatives of the police jury. Pearce said he submitted the original retailer’s affidavit [§ 278(A) ] to the state. He included a photocopy with the application to the police jury only after calling the police jury’s office “to see if I needed to bring an original” and being told by a female employee that “the copy will be all you would need.”
Pearce said he “assumed” the original application to the police jury contained an affidavit of compliance with § 277, explaining that he asked the police jury’s attorney, Lynn Tubb, to review the application before he filed it with Lthe police jury and Tubb “said everything was in order, but they’d probably deny [it] anyway ... [b]ecause of political reasons.” On cross-examination by Tubb, Pearce testified, “I asked you what else I needed to do and you told me I had already done everything- I did everything you told me to do to get a beer permit, every single thing.”
Tubb testified differently, saying he did not tell Pearce the application would “probably” be denied or otherwise attempt to predict his chent’s actions. Acknowledging that Pearce “may have asked ... if his application was sufficient” a few days before he submitted it to the police jury, Tubb denied having told Pearce that “he had done everything he needed to do.” Tubb said he simply replied, “[W]e’ll see what the Police Jury does on Monday.”

District Court’s Findings

The district court found that the original application submitted to the police jury was not “in full compliance” with state law because it contained only a photocopy of the § 278(A) affidavit and it did not contain an affidavit attesting to ASAP’s compliance “with the provisions of R.S. 26:277,” as required by § 278(B). The court stated:
... The law does not say he’s to attach an affidavit saying he’s in compliance with parish ordinances and maybe that’s the same thing as this. It specifically says ... he shall attach to his application as a part thereof a sworn affidavit that he has complied with the provisions of 26:277.... It’s mandated by 26:278[ (B) ], an affidavit saying that he complied with 277. He has not done that.... [The original application] is not in compliance with ... R.S. 26:278[ (B) ] and possibly as to this other [§ 278(A) ] affidavit, and thus, for that reason alone, they're entitled to reject it....
(Our emphasis and brackets.)
*408 As mentioned, the provisions of the parish ordinances referred to in the original application do not appear in this record. We note, however, that the affidavit simply states the permit “will be used in full compliance and observance of’ the specified ordinances. Our emphasis. It does not state or suggest that notice of the |5applicant’s intent to obtain a permit has been given in full compliance with state or local law.
Addressing ASAP’s contentions that the police jury’s actions were founded solely on “politics,” with no basis in the law, and that ASAP detrimentally relied on the legal representations of the police jury’s attorney, the district court stated:
There’s no doubt in my mind that ... [members of] the Police Jury ha[ve] some political heat on them to disregard the law and not abide by it.... They don’t have the right to reject [an application] if it’s in full compliance [with state law]. It’s not in full compliance now.... Mr. Tubb is not the legal adviser for [ASAP], He’s not in my opinion going to be held accountable even if he would have said that this was good enough.... If [a subsequent application is] in full compliance, political heat or not, I’m going to abide by the law and ... order a license issued.
(Our emphasis and brackets.)

Discussion

The record supports the district court’s de novo findings that ASAP’s original application did not fully comply with the requirements of state law and was lawfully denied, notwithstanding ASAP’s claim of detrimental reliance. As the district court implicitly found, the state statutes and parish ordinances setting forth the requirements for obtaining a liquor permit are available to all applicants. Within the context of the application process, the police jury may be considered the applicant’s legal opponent or adversary. An applicant who chooses to rely solely on the purported representations of the police jury’s attorney as to the legal sufficiency of the application does so at his own peril. See and compare Lieber v. State, Dept. of Transp. and Development, 28,745 at 11-13 (La.App.2d Cir.10/30/96), 682 So.2d 1257, 1262-63, writ denied.

Decree

At the cost of ASAP, the judgment is AFFIRMED.